ALBERT W. PAINE, Administrator,

*vs.*

WILLIAM J. FORSAITH, and another, Trustees, and others.

86  357
92  187

Penobscot.    Opinion March 31, 1894.

*Trust. Appointment. Disposition. Duration. Termination.*

Where property is given, granted or bequeathed to certain individuals to be used, appropriated and applied for their benefit, and in such manner that no other person, or persons, have or can have any interest in it, they thereby become in effect the absolute owners of it, and may exercise all the rights belonging to them in that relation.

The gift of the income of real estate is a gift of the real estate itself. The same rule applies as to personal property.

A grantor conveyed all of his property to his children in trust for certain purposes. The trust deed contained a provision that the sum of $10,000 should be raised from the trust property, to be subject to the appointment and distribution of the grantor " by will or other written instrument." By his will executed several years before his death he fully exercised the power of appointment and distribution reserved, and subsequently by a written instrument, made a few days before his death, he again exercised this power, making a different disposition of the fund. *Held;* that the subsequent exercise of the power of appointment by the written instrument revoked the exercise of that power in the previously executed will.

In the subsequent written instrument the appointor made use of substantially the following language: "I now desire that the following named persons shall receive the benefit of the $10,000. My wife, Amanda S., shall have paid to her annually the income of one third of the $10,000. The income of the remaining two thirds shall be equally divided between the children

of my son, Alfred, and the two daughters, of my daughter, Annie V." Then followed a provision to the effect that in the event of the death of either of the children of his son or of his daughter without issue, the share of the deceased should go to the surviving brother or sister. *Held;* that this was a full and complete disposition of the trust fund and that the rights of the persons named in said instrument are as follows :—

(1.)  The widow is entitled to one third of the income of the fund during her life.

(2.)  During the continuation of the trust, the remainder of the income shall be paid one half to the children of the son, Alfred, and the other half to the children of the daughter, Annie V. ; in the event of the death of either, the share of the deceased to be paid to the children of the deceased, if any, if not, to the surviving brother or sister.

(3.)  After the decease of the widow of the appointor, if all the parties who are then or may be interested desire the trust to terminate, this court could decree a termination of the trust and the conveyance or distribution of the trust fund to the persons then entitled, viz, one half to the children of Alfred and one half to the children of Annie V., if living; if any should have deceased at that time, then his or her children would take their deceased parents' share, and if no children, the share of the deceased would go to the surviving brother or sister.

(4.)  If all the parties interested should not join in a request for a termination of the trust at that time, it would continue until it should be ascertained if either of the children of the appointor's son, Alfred, or of his daughter, Annie V., died without issue. When that fact becomes ascertained, distribution of the fund can be ordered in accordance with the terms of the written instrument and as indicated in the opinion.

ON REPORT.

Bill in equity, heard on bill, answers and facts agreed, to obtain the construction of certain instruments of trust in the estate of John W. Veazie, deceased.

The case is stated in the opinion.

*Albert W. Paine,* for plaintiff.

*F. A. Wilson and C. F. Woodard,* for trustees.

*Jasper Hutchings,* for Amanda S. Veazie.

SITTING :  LIBBEY,  EMERY,  HASKELL,  WHITEHOUSE, WISWELL, JJ.

WISWELL, J.  By a trust deed dated February 22nd, 1879, modified by an instrument dated a few days later, both delivered at the same time, John W. Veazie conveyed all his estate to

his two children, Alfred Veazie and Annie V. Forsaith, in trust for the purposes stated therein.

The trust was duly accepted by the said Alfred Veazie and the said Annie V. Forsaith, and subsequently, both having died, they were succeeded in the trust by the present trustees, William J. Forsaith and Mrs. Etta H. Veazie, in accordance with the provisions of the instrument creating the trust.

The original trust deed contained this provision, "Finally to provide from the income of the trust property or otherwise, within two years of my decease, the sum of ten thousand dollars, which shall be subject to my appointment and distribution, if I so choose, by will or other written instrument." John W. Veazie in his last will executed August 3rd, 1886, fully exercised this power of "appointment and distribution" by a bequest of the fund to Helen M. Lord of Yankton, Dakota, "in trust for the sole use and benefit of my grandson, Alfred Veazie, the only son of said Alfred Veazie, named in the trust deed."

Subsequently, by an instrument dated April 5th, 1891, a few days before his death, he made a different disposition of this ten thousand dollar fund. The language of that instrument, so far as necessary for a proper understanding of the question involved, is as follows, "I now desire that this $10,000 be kept by the present trustees (William J. Forsaith and Etta H. Veazie) of the trust property. . . . . I now desire that the following named persons shall receive the benefit of the $10,000. My wife, Amanda S. Veazie, shall have paid to her annually the income of one third of the $10,000. The income of the remaining two thirds shall be equally divided between the children of my son, Alfred, and the two daughters of my daughter, Annie V. Forsaith. Should Alice V. Towle or Alfred Veazie die and leave no children, then the share of the deceased shall revert to the surviving brother or sister as the case may be. In case of the death of Marion Forsaith or Annie Forsaith leaving no children then the shares of the deceased shall revert to the surviving sister. My wife shall, if she survives me, receive during her widowhood the income of one third of the $10,000,

and at her death the one third which she would have received if living shall be equally divided between Marion Forsaith, Annie Forsaith, Alice V. Towle and Alfred Veazie."

By a bill in equity, in which all of the persons interested are made parties, this court is asked to determine the rights of the parties under these various instruments.

That the exercise by Mr. Veazie of the power of appointment reserved by him in the original trust conveyance, by the written instrument dated April 5th, 1891, revoked the exercise of that power in the previously executed will, either in whole or in part, is too clear to require discussion or citation and is admitted to be the result by the counsel for all parties. If the power is completely and effectually exercised by the subsequent written deed, it entirely revokes the previous exercise of that power in the will.

It becomes necessary then, first to determine whether or not in the instrument dated April 6th, 1891, there is a complete and effectual disposition of this fund. The language is, "I now desire that the following named persons shall receive the benefit of the $10,000," and he then provides that his wife, during her widowhood should receive one third of the income and the children of his son, Alfred, and the two daughters of his daughter, Mrs. Forsaith, should receive the other two thirds.

The question as to what Mr. Veazie's intention was is not entirely free from doubt, but we are inclined to the opinion that he intended to make a full and complete distribution of this fund. We think that, by the use of the words "the benefit of the $10,000," he meant to give more than the income of that sum for a limited time or for life. The word "benefit" unrestricted means the whole benefit, the entire beneficial interest. Where property is given, granted or bequeathed to certain individuals to be used, appropriated and applied for their benefit, and in such a manner that no other person or persons have or can have any interest in it, they thereby become in effect the absolute owners of it, and may exercise all the rights belonging to them in that relation. *Smith* v. *Harrington*, 4 Allen, 566.

The same result is reached by the application of certain rules

of construction to that portion of the instrument which provides
for the distribution of the income. It is a well-settled rule of
law that a gift of the income of real estate is a gift of the real
estate itself. The same rule applies as to personal property.
The gift of the income of personal property is in contemplation
of law a gift of the property itself. In the case of either real
or personal property a gift of the income for life is a gift of the
property for life, while a gift of a perpetual income is a gift of
the fee of the real estate or of the absolute property in the
personal estate. *Sampson* v. *Randall*, 72 Maine, 109.

In this instrument there were no words of limitation in regard
to the payment of the income, except as to the widow, and
except in the event of the death of either of the beneficiaries
without issue, in which event the share of the one so dying is to
go to the brother or sister. We think that a fair inference from
the language used in regard to the death of either of the bene-
ficiaries without issue, is that, in case of death with issue, such
issue is entitled to the benefit of its parent's share of the fund.

It is undoubtedly true that, if the trust was to continue for
the payment of the perpetual income, it would be void because
of the rule against perpetuities ; but we do not think that it is
a necessary construction of the instrument that the trust should
continue for such a length of time as to create a perpetuity.
The instrument contains nothing as to the duration of the trust,
except by inference from its purposes. It was undoubtedly the
intention of Mr. Veazie that it should continue during the time
that his widow may be entitled to one third of the income in
accordance with the provisions of the instrument.

At the expiration of that time, if all the parties who are then
or may be interested, desire that the trust should terminate,
this court would have the power to decree a termination of the
trust and the conveyance or distribution of the trust fund to the
persons entitled. Perry on Trusts, § 920 ; *Smith* v. *Harring-
ton*, 4 Allen, 566 ; *Bowditch* v. *Andrews*, 8 Allen, 339.

If all the parties interested should not join in a request for a
termination of the trust at that time, it would have to continue
until it was known whether or not either of the children of

Alfred Veazie or of Mrs. Forsaith died without issue, so as to ascertain who became entitled to any portion of the principal fund under that clause which provides that, in case of the death of either of the children of Alfred Veazie or of Mrs. Forsaith without issue, the share of such deceased should go to the brother or sister. But even in this latter event, the trust would terminate and the estate vest within the period allowed by law.

Our conclusions are that, by the instrument dated April 6th, 1891, Mr. Veazie fully and completely executed the power of appointment reserved to him in the original trust deed, thereby entirely revoking the previous exercise of that power in the will; that the present trustees will continue to hold the legal title to the trust property, and during the widowhood of Mrs. Amanda S. Veazie, pay one third of the income of said fund to her, one third to the children of Alfred Veazie and the other third to the children of Annie V. Forsaith; at the expiration of that time, if all of the parties who are or may be interested do not join in a request to have the trust terminated, it will continue for the purposes above indicated; in the latter event distribution of the income should be made as provided in the instrument, viz, one half to the children of Alfred Veazie and one half to the children of Mrs. Forsaith.                    *Decree accordingly.*